## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CHRISTOPHER LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 09-0178 (ESH) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION

In this *pro se* action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, plaintiff challenges the response of the Department of Justice's Executive Office for

United States Attorneys ("EOUSA") to his request for records concerning a third-party

individual.  Defendant moves to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal

Rules of Civil Procedure or for summary judgment pursuant to Rule 56 [Dkt. No. 8].  Upon

consideration of the parties' submissions and the entire record, the Court will grant defendant's

motion for summary judgment.[1]

---

[1]  In opposing defendant's motion, plaintiff states that he needs a continuance pursuant to Rule 56(f) to obtain discovery, but he has failed to present sufficient facts "to justify [his] opposition."  Fed. R. Civ. P. 56(f).  Discovery in FOIA cases is rare and "is usually limited to the adequacy of the agency's search and similar matters."  *Voinche v. F.B.I.*,  412 F. Supp.2d 60, 71 (D.D.C. 2006) (citations omitted).  Because the parties' positions on the merits of the claim are adequately presented, no basis exists for continuing the proceedings pursuant to Rule 56(f).  *See Schrecker v. U.S. Dept. of Justice*, 217 F. Supp.2d 29, 35 (D.D.C. 2002) (A discovery motion "should be denied where  an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains.") (citation omitted).

## I.  BACKGROUND

By letters of April 26, 2007 and June 8, 2007, plaintiff requested records concerning his criminal prosecution in the Superior Court of the District of Columbia "from October 22, 2003 to present," records pertaining to "any investigation performed concerning Sarah Blair's employment with Orchid Cellmark," and "all communications between Sarah Blair and any individual assisting in [plaintiff's criminal case]."  (Def.'s Mot., Declaration of Dione Jackson Sterns ¶ 4 & Ex. B.)   By letter of August 23, 2007, EOUSA, in acknowledging the request, informed plaintiff that it had assigned Request Number 07-2766 to his request for records about Ms. Blair, but that it could not process the request without a privacy waiver from Ms. Blair or proof of her death.  (*Id*. ¶ 7 & Ex. C.)  EOUSA categorically denied plaintiff's request for the third-party records under FOIA exemptions 6 and 7(C), *see* 5 U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a(b).  (*Id*.)   Plaintiff appealed the denial to DOJ's Office of Information and Privacy ("OIP"), which affirmed EOUSA's decision.  (*Id*. ¶ 12 & Ex. H.)

Plaintiff filed this civil action on January 30, 2009, claiming that defendant violated the FOIA "by not providing evidence of its effort or result from search of agency records pertaining to FOIA Request No. 07-2766 (Appeal No. 07-2452)."[2]  Compl. at 1.

---

[2]  In his opposition papers, *see infra* note 4, plaintiff claims for the first time that he has not received records pertaining to himself (Request Number 05-618).  Plaintiff has not filed, or sought leave to file, an amended complaint to add this claim, perhaps because he has not exhausted his administrative remedies with respect to that request by obtaining an adverse decision and appealing it to the OIP.  Defendant notes that plaintiff's request for his own records is "pending."  (Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 5, n.1.)  Given these circumstances, the Court finds that any claim based on  Request Number 05-618 is beyond the scope of this litigation.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) ("[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance.).

## II.  DISCUSSION

Defendant invokes Rule 12(b)(1) but has not presented an argument to support dismissal for lack of subject matter jurisdiction.  Plaintiff's allegation that defendant improperly denied records requested under the FOIA is sufficient to confer "federal question" jurisdiction upon this Court to review the lawfulness of defendant's actions.  28 U.S.C. § 1331; *see* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) ("Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has [improperly withheld agency records].") (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  The Court therefore denies defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Defendant asserts that plaintiff failed to exhaust his administrative remedies by providing a third-party privacy waiver or proof of the third party's death.  But even defendant acknowledges that  the applicable regulation states only that "either a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased (for example, a copy of a death certificate or an obituary) *will help the processing of your request*."  28 C.F.R. § 16.3(a) (emphasis added).  In other words, providing such information is "help[ful]" but not required.  Given that an agency's disclosure obligation is triggered by a request that "(i) reasonably describes [] records and (ii) is made in accordance with published rules," 5 U.S.C. § 552 (a)(3)(A), the Court declines defendant's invitation to read more into the regulation than what is stated.  *See* Def.'s Mem. of P. & A. at 9-10.  That said, defendant properly invoked the FOIA's personal privacy provisions--exemptions 6 and 7(C)--to justify its categorical denial of the request for third-party records.

Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  All information that "applies to a particular individual" qualifies for consideration under this exemption.  *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also  New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc); *Chang v. Dep't of Navy*, 314 F. Supp.2d 35, 42-43 (D.D.C. 2004).  Because the requested information pertains to a criminal investigation, the Court will address the propriety of EOUSA's denial under the "somewhat broader" protection of exemption 7(C).  *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993) (citation omitted).[3]

_____

[3]  Both exemptions 6 and 7(C) require the balancing of the strong privacy interests in the
(continued...)

Exemption 7(C) protects from disclosure  records compiled for law enforcement purposes to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  The D.C. Circuit has consistently held that exemption 7(C) protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses and informants, *see Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases), and has determined that such third-party information is "categorically exempt"  from disclosure under exemption 7(C), in the absence of an overriding public interest in its disclosure.  *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995); *accord Fischer v. U.S. Dep't of Justice*, 596 F. Supp.2d 34, 46 (D.D.C. 2009).

In order to demonstrate an overriding public interest in disclosure, plaintiff must show that the withheld information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official."  *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); *accord SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).  "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest."  *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004).  In making such a showing, plaintiff must

---

[3](...continued)
nondisclosure of third-party records against any asserted public interests in their disclosure.  The analysis is the same under both exemptions.  *Compare Chang v. Dep't of Navy*, 314 F. Supp.2d at 43 (exemption 6) *with Blanton v. U.S. Dep't of Justice*, 63 F. Supp.2d 35, 45 (D.D.C. 1999) (exemption 7(C)); *see also Beck,* 997 F.2d at 1491 (although the "protection available under these exemptions is not the same, . . . [t]he same [balancing] standard" applies).

assert "more than a bare suspicion" of official misconduct. *Id*. at 174.  He "must produce

evidence that would warrant a belief by a reasonable person that the alleged Government

impropriety might have occurred." *Id*.  Otherwise, the balancing requirement does not come into

play.  *See id*. at 175; *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir.

2007) ("Unsubstantiated assertions of government wrongdoing-- *e.g.*, regarding the seizure of

Boyd's jailhouse phone conversations, lies by the prosecutor, and alleged perjury by a U.S.

Marshal--do not establish 'a meaningful evidentiary showing.'") (quoting *Favish*, 541 U.S. at

175).

Plaintiff seeks the information about Blair allegedly to prove her "misconduct," and/or

that of an assistant United States attorney, during his criminal prosecution.  (Pl.'s Affidavit in

Support of Continuance at 2)[4]; *see* Pl.'s Mem. of P. & A. at 2 ("Plaintiff's claim to agency

records stems from post trial discovery of misconduct by [the AUSA], for *Brady v. Maryland*,

373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963) violation.").  It is established, however, that

the public interest in disclosure "does not include helping an individual obtain information for his

personal use" to overturn a conviction.  *Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002),

*vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*, 378 F.3d 1115 (D.C.

Cir. 2004) (citation omitted).  Plaintiff's allegation of misconduct "reveals little or nothing about

an agency's own conduct."  *Fischer*, 596 F. Supp. 2d at 47 (quoting *Willis v. U.S. Dep't of*

---

[4]   In the affidavit supporting the motion for continuance, plaintiff refers to "Plaintiff's
Affidavit in Support of Plaintiff's Opposition to Defendant's Motion for Dismissal and Motion
for Summary Judgment," but no such document appears on the docket.  In addition to the three-
page affidavit in support of a continuance, plaintiff's opposition papers filed as one document
[Dkt. No. 11] consist of "Plaintiff's Statement of Genuine Issues Setting Forth All Material Facts
for Litigation" (4 pages) and the "Memorandum of Points & Authorities in Support of Plaintiff's
Opposition to Defendant's Motion for Dismissal & Summary Judgment" ["Mem. of P. & A."] (5
pages).

*Justice*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008)) (other quoted citation omitted).  Nor does it

"show a pattern of government wrongdoing as could overcome the significant privacy interest at

stake."  *Boyd*, 475 F.3d at 389.  He therefore has not demonstrated the public's entitlement to the

otherwise exempt third-party information.  Thus, whether defendant actually searched for

records, *see* Compl. at 1, "is immaterial . . . because that refusal deprived [plaintiff] of nothing to

which he is entitled."  *Edwards v. Dep't of Justice*, No. 04-5044, 2004 WL 2905342, at *1 (D.C.

Cir. Dec. 14, 2004).

  Plaintiff also argues that defendant has waived its right to invoke FOIA exemptions

because of disclosures made to him during his criminal proceedings.  (Mem. of P.& A. at 3.)

Under the "public-domain doctrine, materials normally immunized from disclosure under FOIA

lose their protective cloak once disclosed and preserved in a permanent public record."  *Cottone*

*v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999) (citations omitted).  Plaintiff, however, has the

initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed]

information identical to that being withheld."  *Davis v. United States Dep't of Justice*, 968 F.2d

1276, 1279 (D.C. Cir. 1992) (quoting *Afshar v. Dep't of Justice*, 702 F.2d 1125, 1130 (D.C. Cir.

1983)); *see Cottone*, 193 F.3d at 556 (affirming the withholding of audio tapes produced during

pretrial proceedings but not played in open court or otherwise placed in the public record).

Plaintiff has not come close to satisfying his burden; in any event, "a constitutionally compelled

disclosure to a single party simply does not enter the public domain."  *Cottone,* 193 F.3d at 556.

### III.  CONCLUSION

  For the foregoing reasons, the Court finds no genuine issue presented on defendant's

satisfactory response to plaintiff's FOIA request for third-party records and concludes that

defendant is entitled to judgment as a matter of law.  A separate Order accompanies this

Memorandum Opinion.


_____
/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 22, 2009